**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL QUILLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV00252 ERW |
| | ) | |
| JUANITA QUILLING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Daniel Quilling for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be

granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff alleges that defendant Juanita Quilling, his wife, filed for orders of protection against him in state court under false pretenses. Plaintiff appears to claim that his position in child custody proceedings was damaged because of his wife's behavior. Plaintiff seeks an order from the Court sending his wife, and everyone else involved in the state court proceedings, to prison. Plaintiff also seeks custody of his children.

Plaintiff has not stated what federal statute or provision of the United States Constitution he is seeking to enforce. The Court will liberally construe the complaint as a civil rights action brought under 42 U.S.C. § 1983.

The Court notes that plaintiff filed a civil rights action on December 13, 2006, against the State of Missouri alleging

violations of his constitutional rights in state court divorce proceedings. That complaint was dismissed on January 25, 2006, pursuant to 28 U.S.C. § 1915(e)(2)(B). Quilling v. Missouri, 4:06CV1764 FRB.

**Discussion**

This Court lacks jurisdiction to hear cases where the "subject is a divorce, allowance of alimony, or child custody." Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994); Tufano v. Alpert, 968 F. Supp. 112, 113 (E.D.N.Y. 1997) (court lacked subject matter jurisdiction over case brought under 42 U.S.C. § 1983 where litigant sought relief from decision of state family court). As a result, the Court does not have jurisdiction to grant the relief plaintiff seeks.

Additionally, 42 U.S.C. § 1983 imposes liability on government actors acting under color of state law. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id.

The complaint does not allege that defendant had an agreement with any state actors to violate plaintiff's constitutional rights. As a result, the complaint fails to state a claim under § 1983.

Finally, the allegations in the complaint do not rise to the level of constitutional violations. Therefore, the complaint is legally frivolous under 28 U.S.C. § 1915(e)(2)(B), and the complaint shall be dismissed prior to service of process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 9th Day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE